UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPERIAL URBAN HOUSING, L.P., <br><br>　　　　　　　　　　Plaintiff, <br><br>v. <br><br>JOSHUA PAUL SANTANA, <br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-0382-GPC-RBB <br><br>**ORDER REMANDING CASE** <br><br>**[ECF Nos. 2, 3]** |

    Pro Se Defendant removed this "Section 8" housing dispute to federal court and subsequently filed a Motion to Proceed *In Forma Pauperis* ("IFP") and Motion to Request Appointment of Counsel. ECF Nos. 1–3. Because this Court lacks jurisdiction, it **REMANDS** the case back to state court and **DECLINES** to address the two Motions filed by Defendant.

    Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A defendant may remove a case from state court, but only when the federal court could have exercised original jurisdiction,

/ / /

such as when there is an issue "arising under" federal law.[1]  *See* 28 U.S.C. §§ 1331, 1441. Specifically, a claim arises under federal law "only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A party's ability to invoke federal law in the dispute is not enough to transform a state claim into a federal claim.  *See Hunter v. United Van Lines*, 746 F.2d 635, 646 (9th. Cir. 1984).  In addition, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

Here, Defendant does not meet the burden of overcoming the "strong presumption against removal jurisdiction." *See id.* (quotations omitted).  Plaintiff's lawsuit concerns unlawful detainer under state law, alleging that Defendant violated his lease agreement. *See* Compl., ECF No. 1-2.  Defendant is a participant of the Section 8 Housing Assistance Payments Program ("Section 8"), a federal subsidy program, but the connection with federal law ends there.  Contrary to Defendant's claims that Plaintiff (along with other non-parties) "conspired against the removal of [Defendant's] federal civil rights statutes," *see* Notice of Removal, ECF No. 1, Courts have routinely found that Defendant's connection based on Section 8 is insufficient for federal jurisdiction. *See, e.g.*, *MHS-Rossmore, LLC v. Lopez*, No. CV 08-2001-RGK FMOX, 2008 WL 2397498, at *2 (C.D. Cal. June 5, 2008) (rejecting removal despite defendant's references to Section 8 lease agreements); *cf. California Hous. Fin. Agency v. Zulali*, No. 12CV1626-LAB BLM, 2012 WL 3542269, at *1 (S.D. Cal. Aug. 2, 2012) (remanding a state unlawful detainer action despite defendant's assertion that he had federal defenses and

---

[1] No part of Defendant's papers indicates that diversity of citizenship between the litigating parties (and the requisite amount in controversy) exists.  *Cf.* 28 U.S.C. §§ 1332, 1441 (permitting federal jurisdiction based on diversity of citizenship).

counterclaims, because "[u]nder the well-pleaded complaint rule, it's only the plaintiff's claims that matter").

Therefore, remand is appropriate. The Court will not decide on the IFP Motion and the Motion to Request Appointment of Counsel, ECF Nos. 2, 3, because the Court lacks jurisdiction to adjudicate the matter.

**IT IS SO ORDERED.**

Dated:  April 2, 2021

Hon. Gonzalo P. Curiel
United States District Judge